# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20-cr-02148-BAS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO MODIFY SENTENCE (ECF No. 34)** |
| JORGE MAURICIO RODRIGUEZ, | |
| Defendant. | |

On December 11, 2020, this Court sentenced Mr. Rodriguez to 30 months in custody for importing methamphetamine and fentanyl into the United States.  (ECF No. 23.)  On March 18, 2021, he self-surrendered to begin serving his sentence.  (ECF No. 26.)  Now, after serving 8 months, Mr. Rodriguez moves pro se to reduce his sentence under Title 18, United States Code, Section 3582(c)(1)(A)(i).[1]  (ECF No. 34 ("Motion").)  The Government opposes.  (ECF No. 36 ("Opposition").)  Because Mr. Rodriguez has not demonstrated extraordinary and compelling reasons for his release, the Court **DENIES** the Motion.

---

[1]  The Court referred the matter to Federal Defenders to determine whether counsel should be appointed to represent Mr. Rodriguez.  (ECF No. 29.)  Federal Defenders responded that they "believe[] the court can decide the motion on the existing record without further assistance of counsel."  (ECF No. 32.)

20cr2148

## I.   BACKGROUND

Mr. Rodriguez drove through the SENTRI lane at the Port of Entry with 30.7 kilograms of 99% pure methamphetamine and 900 grams of fentanyl.  (ECF No. 18.)  At the time of his Presentence Report interview, Mr. Rodriguez, a 25-year old man, reported no physical health concerns other than a lymph node surgery from which he had fully recovered.  (ECF No. 18, ¶¶ 42–43.)

On May 3, 2021, Mr. Rodriguez applied to the Warden where he is being housed for compassionate release, and this request was denied.  (Motion, at 8.)  There is no evidence that he appealed this denial.

Mr. Rodriguez claims that he should be released because he has tuberculosis and untreated asthma and has made several requests for treatment but has been refused. (Motion.)  The medical records submitted by the Government show otherwise.  (ECF No. 39.)  There is no indication in any of the medical records submitted to the Court that Mr. Rodriguez has asthma.  Although the medical records reflect a positive TB skin test, the records indicate that Mr. Rodriguez was asymptomatic and undecided about taking preventive meds.  (ECF No. 39, pg. 9.)  He has had two chest x-rays since then that have been unremarkable.  (*Id.* at 72, 79.)  On August 26, 2021, Mr. Rodriguez received the Pfizer vaccine for COVID-19.  (*Id.* at 71.)

## II.   ANALYSIS

### A.   Failure to Exhaust Administrative Remedies

Under 18 U.S.C. §3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment.  Before filing such a motion, the defendant must first petition the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A).  A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

This "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (noting "a court may not consider a motion brought under § 3582(c)(1)(A) unless . . . the inmate has requested that the BOP make such a motion" and fully exhausts all administrative rights to appeal). "The requirement promotes good policy." *Id.* at 1282. It "ensures that the prison administrators can prioritize the most urgent claims." *Id.* (quoting *United States v. Alam*, 960 F.3d 833, 834 (6th Cir. 2020)).

Although Mr. Rodriguez did not appeal the denial of his request for compassionate release, the Government appears to have waived the issue. Therefore, the Court proceeds to the substance of the motion.

## B.   Extraordinary and Compelling Reasons

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).   As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Mr. Rodriguez fails to meet this burden. He provides no medical records that support his claim, and the Government provides records that demonstrate that Mr. Rodriguez has been offered preventive measures following his positive skin test for tuberculosis and that his two chest x-rays have proven to be normal. There is no evidence submitted that he has asthma. Finally, the Government submits evidence that Mr. Rodriguez has been vaccinated against the coronavirus. Thus, his risks from the coronavirus are slim. *See* Centers for Diseases Control and Prevention, *Ensuring Covid-19 Vaccines Work*, www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness.html (last updated May 10, 2021) (providing COVID-19 vaccination helps protect people from getting sick or severely ill with COVID-19).

**III.    CONCLUSION**

For the reasons stated above, the Court **DENIES** Mr. Rodriguez's Motion to Modify his Sentence.  (ECF No. 34.)

**IT IS SO ORDERED.**

**DATED: October 25, 2021**

**Hon. Cynthia Bashant**
**United States District Judge**

20cr2148